Mark D. Poniatowski, Esq. (#123405)
Kimberly F. Leding, Esq. (#233618)
Meera T. Parikh, Esq. (#217996)
LAW OFFICES OF MARK D. PONIATOWSKI
PROFESSIONAL CORPORATION
20980 Redwood Road, Suite 200
Castro Valley, California 94546
Telephone:  (510) 881-8700
Facsimile:  (510) 881-8702

Attorneys for Plaintiff Caterpillar Financial Services Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>LUIS CARLOS STAHL,<br><br>　　　Debtors.<br>_____/ | Chapter 7<br><br>Case No. 6:09-bk-30494-DS |
| CATERPILLAR FINANCIAL SERVICES CORPORATION, a Delaware corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>LUIS CARLOS STAHL,<br><br>　　　Defendant.<br>_____/ | Adversary Proceeding No.<br>6:11-ap-01784-DS<br><br>TRIAL BRIEF<br><br>DATE:　　　November 30, 2011<br>JUDGE:　　　Hon. Deborah Saltzman<br>COURTROOM: 302<br>　　　　　　　3420 Twelfth Street<br>　　　　　　　Riverside, CA 92501 |

**I**

**PRELIMINARY STATEMENT**

Plaintiff Caterpillar Financial Services Corporation ("CFSC") holds a valid perfected first priority security interest in one (1) Caterpillar model 216B Skid Steer Loader, Serial No. RLL01611 (the "Collateral") pursuant to a security agreement with defendant Luis Stahl

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,　　　　　　　　　　　　　　　Page -1-
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

1  ("Defendant") dated October 9, 2006. The discharge of Defendant cannot be entered in this

2  matter and Defendant's debt to Plaintiff must be held valid, enforceable and non-dischargeable

3  as 1) Defendant's conversion of CFSC's Collateral is willful and malicious injury to Plaintiff

4  and/or the property of Plaintiff, 2) Defendant, with the intent to hinder, delay or defraud Plaintiff,

5  has transferred, removed, destroyed, mutilated or concealed the Collateral from Plaintiff after the

6  date of filing of the Defendant's Chapter 11 Voluntary Petition herein ("Petition"), and 3)

7  Defendant knowingly and fraudulently made a false oath in connection with his Petition.

8  Defendant's failure to surrender the Collateral and failure to include the Collateral in his

9  bankruptcy schedules are done intentionally by Defendant, and occur without just cause or

10 excuse. For these reasons, CFSC respectfully requests that this Court determine that Debtor's

11 discharge shall not be entered, and Plaintiff shall have a non-dischargeable judgment against

12 Defendant in the amount of Nineteen Thousand Three Hundred Fifty-Three and 38/100 Dollars

13 ($19,353.38).

## II

## STATEMENT OF FACTS

16  On or about July 21, 2005, Mitchum Equipment LLC ("Buyer") entered into an

17 Installment Sale Contract (Security Agreement)(the "Security Agreement") with Johnson

18 Machinery Co. ("Dealer") for the purchase of one (1) Caterpillar model 216B Skid Steer Loader,

19 Serial No. RLL01611(the "Collateral") for the total purchase price, including finance charges, of

20 Thirty-One Thousand Four Hundred Seven and 60/100 Dollars ($31,407.60). See Declaration of

21 Sherese Dossman Re: Plaintiff's Trial Brief ("Dossman Declaration"), Exhibit A.

22  Pursuant to the terms of the Security Agreement, for valuable consideration, Dealer

23 assigned its rights under the Security Agreement, and in and to the Collateral, to Plaintiff.

24 Dossman Declaration, Exhibit B.

25  Pursuant to the terms of the Security Agreement, Buyer agreed, in part, to make monthly

26 installment payments of Five Hundred Twenty-Three and 46/100 Dollars ($523.46). Dossman

27 Declaration, Exhibit A, Section 1.

28

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -2-

1    To secure his performance under the Security Agreement, Buyer granted Dealer a security interest in the Collateral. See Dossman Declaration, Exhibit A, Section 9.

3    Plaintiff filed a UCC-1 Financing Statement with the California Secretary of State on July 22, 2005, perfecting its security interest in the Collateral. Dossman Declaration, Exhibit C.

5    Plaintiff fully performed under the Security Agreement by financing the purchase of the Collateral by Buyer. Dossman Declaration, paragraph 13.

7    On October 9, 2006, with Plaintiff's express consent, Defendant entered into a Transfer And Assumption Agreement with Buyer wherein Defendant unconditionally assumed the terms and conditions of the Security Agreement ("Transfer And Assumption Agreement"). Dossman Declaration, Exhibit D.

11    Pursuant to the Transfer And Assumption Agreement, Buyer granted and conveyed to Defendant "all of Transferor's right, title and interest in and to the Contract and the Property." Dossman Declaration, Exhibit D, Section 1.

14    At the time the Transfer And Assumption Agreement was executed, there was forty-seven (47) monthly installments of Five Hundred Twenty-Three and 46/100 Dollars ($523.46) remaining due under the Security Agreement. Dossman Declaration, Exhibit D, page 1.

17    Defendant agreed and promised to pay "(i) all installments in the amounts set forth above and (ii) all other moneys that become due under the Contract after the date hereof to Caterpillar, its successors and assigns." Dossman Declaration, Exhibit D, Section 2.

20    Defendant further "unconditionally assumes, becomes a party to, and agrees to perform the Contract and all the terms, conditions and provisions thereof and further agrees to pay all amounts that become due under the Contract, as though Transferee was named in the Contract." Dossman Declaration, Exhibit D, Section 3.

24    Finally, Defendant granted Plaintiff a security interest in the Collateral to secure performance of Defendant's obligations. See Dossman Declaration, Exhibit D, Section 7.

26    Plaintiff filed a UCC-1 Financing Statement with the California Secretary of State on October 9, 2006, perfecting its security interest in the Collateral. Dossman Declaration, Exhibit E.

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -3-

1  To further induce Plaintiff to consent to the Transfer And Assumption Agreement, Defendant executed a Guaranty of Payment wherein he agreed to guaranty the prompt and punctual payment of his obligations under the Transfer And Assumption Agreement and the Security Agreement. Dossman Declaration, Exhibit F. Hereinafter, the Security Agreement and the Transfer And Assumption Agreement may be referred to, collectively, as the "Agreements."

Defendant has defaulted under the terms of the Agreements by, among other defaults, failing to make the monthly payments when due under the terms of the Agreements. Dossman Declaration, Exhibit H.

Plaintiff notified Defendant of his default under the Security Agreement and demanded possession of the Collateral if the balance due was not paid. Dossman Declaration, paragraph 23.

As a result of Defendant's default, and pursuant to the terms of the Security Agreement, Plaintiff is entitled to take possession of the Collateral. Exhibit A, Section 8.

As a proximate result of Defendant's breach of the Agreements, Plaintiff has suffered damage. As of October 15, 2010, Defendant is indebted to Plaintiff under the terms of the Agreements in the sum of Four Thousand Four Hundred Two and 54/100 Dollars ($4,402.54). Dossman Declaration, Exhibit G.

The Security Agreement further provides that "Purchaser agrees to pay all reasonable attorneys' fees (to the extent permitted by applicable law) and all costs and expenses incurred by Seller in enforcing this Contract." Dossman Declaration, Exhibit A, Section 8. By reason of Defendant's conduct, Plaintiff has incurred such fees and costs, including, if necessary, expert witness fees, and will continue to do so. As of January 31, 2010, the total amount of attorneys' fees and costs incurred by Plaintiff herein is Fourteen Thousand Nine Hundred Fifty and 84/100 ($14,950.84). Dossman Declaration, paragraph 27 and Declaration of Meera T. Parikh in Support of Trial Brief ("Parikh Declaration"), paragraph 17.

Plaintiff is informed and believes, and thereon alleges, that Defendant is in possession, custody and control of the Collateral based on Plaintiff's communications with Defendant contained in Plaintiff's Customer Collection Comments for Defendant's account, and the

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -4-

1 representations of Defendant's counsel to the Court and Plaintiff's counsel.  Dossman

2 Declaration, Exhibit I.

3     At no time has Defendant notified Plaintiff that he has sold or otherwise transferred the

4 Collateral and/or that Defendant is not in possession of the Collateral.  Dossman Declaration,

5 paragraph 29.

6     Plaintiff has demanded possession of the Collateral, but Defendant has failed and refused,

7 and continues to fail and refuse to return the Collateral to Plaintiff.  Dossman Declaration,

8 paragraph 30.

9     Defendant's failure to return the Collateral, and Defendant's exercise of right of

10 ownership over the Collateral, is wrongful, is unauthorized by Plaintiff, and is to the exclusion of

11 Plaintiff's rights.  Dossman Declaration, paragraph 31.

12     Defendant's failure to return the Collateral occurred within one year prior to the filing

13 date of Defendant's Petition, and following the Petition filing date.  Request For Judicial Notice -

14 Defendant's Voluntary Chapter 11 Petition ("Petition").

15     Defendant fails to list Plaintiff as a secured creditor in his Petition filed herein or on any

16 of Defendant's Schedules, including Schedule D – Creditors Holding Secured Claims.  Request

17 For Judicial Notice – Petition, Schedule D.

18     Defendant fails to list the Collateral on Schedule B – Personal Property or anywhere else

19 in his Petition or other filed Schedules.  Request For Judicial Notice – Petition, Schedule B.

20     At the Status Conference in the present matter held on February 12, 2010, this Court

21 ordered Defendant to prepare, execute and file within one week a declaration acknowledging that

22 Plaintiff's Collateral is part of the bankruptcy estate.  Defendant has not filed the required

23 declaration.  Parikh Declaration, paragraph 14.

24     At the Status Conference held on August 12, 2010, Defendant's counsel admitted to

25 Defendant's possession of Plaintiff's Collateral but that he had not amended his Schedules.

26 Defendant has not amended his Schedules to list Plaintiff's Collateral.  Parikh Declaration,

27 paragraph 15.

28

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -5-

1  Pursuant to the Court's Order converting this case to Chapter 7, Defendant was required
2  to immediately turnover all estate property in its possession to the Chapter 7 Trustee. Plaintiff is
3  informed and believes, and thereon alleges, that the Collateral has not been turned over to the
4  Chapter 7 Trustee to date. Parikh Declaration, paragraph 16.

## III

## LEGAL ARGUMENT

**A.    Defendant's Discharge Shall Not Be Entered As Defendant's Conversion of the Collateral is Willful and Malicious Injury to Plaintiff and/or the Property of Plaintiff Under 11 USC §523(a)(6).**

The willful injury requirement of Section 523(a)(6) is met when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct. In re Ormsby (9th Cir. 2010) 591 F.3d 1199, 1205, 1206. The debtor is charged with the knowledge of the natural consequences of his actions. Id. at 1206 ("In addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action.")

Plaintiff is holder of a perfected security interest in the Collateral and, that as a result of Defendant's default, Plaintiff is entitled to possession of the Collateral. Defendant has failed to disclose the Collateral in his Petition, failed to surrender the Collateral to Plaintiff, failed to make adequate protection payments and failed to turn over the Collateral to the Chapter 7 Trustee. Defendant is unlawfully detaining Plaintiff's Collateral, and Defendant must have known that Plaintiff's injury was substantially certain to occur as a result of his conduct. Pursuant to the Open Payments History, Defendant made at least thirty-five (35) monthly payments under the Agreement from September, 2006 to October, 2009, and the final payments were received after Defendant filed his Petition. Dossman Declaration, Exhibit H. Further, pursuant to the Customer Collection Comments for Defendant, CFSC had numerous communications with Defendant from July 2007 through October, 2010 regarding past due amounts and alternative payments arrangements. Dossman Declaration, Exhibit I. Thus, Defendant was necessarily

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -6-

aware that his possession of CFSC's Collateral without making payments had a significant economic value.

In September, 2009, Defendant filed his petition for Chapter 11 bankruptcy, and failed to list Plaintiff as a secured creditor or the Collateral in his Petition or on any of his schedules, including Schedule D – Creditors Holding Secured Claims and Schedule B – Personal Property, Defendant failed to prepare and execute a declaration acknowledging that Plaintiff's Collateral is part of the bankruptcy estate pursuant to this Court's order at a Status Conference held on February 12, 2010, and Defendant failed to turn over CFSC's Collateral in its possession to the Chapter 7 Trustee pursuant to the Order Converting Case to Chapter 7 filed herein on February 2, 2011.  In this case, Defendant has knowledge that injury to Plaintiff and its Collateral was substantially certain to occur as a result of his conduct.  Plaintiff has suffered the loss of use and enjoyment of the Collateral, as well as the decline in value of the Collateral due to its continued depreciation.  As a result of Defendant's conversion of the Collateral, CFSC has suffered injury in the amount of at least Nineteen Thousand Three Hundred Fifty-Three and 38/100 Dollars ($19,353.38).

A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." In re Ormsby, 591 F.3d at 1206.  Malice may be inferred based on the nature of the wrongful act. Id.  In the case of conversion, to infer malice, it must first be established that the conversion was willful. Id.

As set forth above, Defendant's conversion was willful as Defendant knew that Plaintiff's injury was substantially certain to occur as a result of his pattern of conduct in this proceeding. Defendant failed to make adequate protection payments, failed to surrender the Collateral, failed to include the Collateral in his petitions or schedules, failed to prepare a declaration that the Collateral is property of the estate, and failed to turn over the Collateral to the Chapter 7 Trustee pursuant to the Order Converting Case to Chapter 7. Defendant knew as of the Petition filing date that he owed payments to CFSC and that his possession of the Collateral was to the exclusion of Plaintiff's rights.  Defendant knew that injury was substantially certain to occur if the payments were not made and the Collateral not surrendered.  Despite this knowledge,

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -7-

1  Defendant chose not to make payments, surrender the Collateral, or include the Collateral in his

2  Petition, and CFSC has suffered injury as a result of Defendant's unauthorized and exclusive

3  possession of the Collateral.  Further, Defendant has offered no just cause or excuse for his

4  conduct.

5      Thus, Defendant's conduct meets both the willful and malicious prongs of section

6  523(a)(6), and the discharge of Defendant should not be entered in this matter, and Defendant's

7  debt to Plaintiff in the amount of Nineteen Thousand Three Hundred Fifty-Three and 38/100

8  Dollars ($19,353.38) must be held valid, enforceable and non-dischargeable.

**B.  Defendant's Discharge Shall Not Be Entered As Defendant, With The Intent To Hinder, Delay or Defraud Plaintiff, Has Transferred, Removed, Destroyed, Mutilated or Concealed the Collateral From Plaintiff After the Date of Filing Of the Petition Under 11 USC §727(a)(2).**

The exception to discharge under Section 727(a)(2) consists of two (2) components: 1) a disposition of property, such as transfer or concealment, and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.  In re Lawson (9th Cir. 1997) 122 F.3d 1237, 1240.  Under Section 727(a), the intent shown must be an actual intent, however a finding of actual intent may be based on circumstantial evidence or on inferences drawn from a course of conduct.  In re Devers (9th Cir. 1985) 759 F.2d 751, 754.  The debtor's intent to hinder, delay or defraud a single creditor is sufficient to deny the debtor's discharge under the statute.  In re Adeeb (9th Cir. 1986) 787 F.2d 1339, 1343.

Here, Defendant omitted Plaintiff as a secured creditor in Schedule D and omitted the Collateral in Schedule B.  Defendant has a duty to disclose all of his assets under the Bankruptcy Code, and his failure to list them indicates his intent to conceal them.  The intent to hinder and delay Plaintiff is further evidenced by Defendant's course of conduct in failing to comply with a Court order to complete a declaration affirming that the Collateral is property of the estate, failing to surrender the Collateral and failing to turn over the Collateral to the Chapter 7 Trustee.  Defendant was in possession of the Collateral and continued to make payments on said Collateral until the filing date of his Petition.  The value of Plaintiff's Collateral is substantial, and fraudulent intent may be imputed on Defendant based on his failure to disclose

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -8-

the Collateral in his schedules. Pursuant to the Open Payments History, Defendant made payments to Plaintiff for approximately three (3) years, and the final payments were received after Defendant filed his Petition. Further, pursuant to the Customer Collection Comments for Defendant, CFSC had numerous communications with Defendant from July 2007 through October, 2009 regarding past due amounts and alternative payments arrangements. Thus, Defendant knew of his debt to Plaintiff as of the Petition date, and based on the representations of Debtor's counsel to Plaintiff's counsel and to this Court, Defendant was in possession of the Collateral as of the filing date and after the filing date of his Petition. The nondisclosures in the Petition, the failure of Defendant to comply with the Court's order to prepare and execute a declaration confirming the Collateral is property of the estate, the fact that Defendant's debt to Plaintiff should have still been recent in Defendant's memory when he signed the schedules, and the fact that Defendant did not amend his schedules after Defendant's counsel admitted to Plaintiff's counsel and the Court that Defendant is in possession of the Collateral, provide sufficient evidence of Defendant's fraudulent intent to hinder and delay Plaintiff and conceal assets in this case. Accordingly, Defendant's discharge should not be entered.

**C. Defendant's Discharge Shall Not Be Entered As Defendant Knowingly and Fraudulently In Connection With His Petition Made a False Oath Pursuant to Section 727(a)(4).**

Under Section 727(a)(4), discharge will be denied where 1) the debtor made a false oath in connection with the bankruptcy case, 2) the oath related to a material fact, 3) the oath was made knowingly and 4) the oath was made fraudulently. In re Roberts (9th Cir. BAP 2005) 331 B.R. 876, 882. A false oath may involve a false statement or omission in the debtor's schedules. Id. Debtor's omission of major assets from schedules by itself can establish the existence of fraudulent intent. In re Keeney (6th Cir. 2000) 227 F3d 679, 685–686. All that is required for a denial of discharge under the plain language of Section 727(a)(4)(A) is a single false oath or account. In re Grondin (1st Cir. BAP 1999) 232 B.R. 274, 277. While the initial burden lies on the objector to prove that the debtor made a false statement in connection with the proceedings, once it "reasonably appears the oath is false, the burden falls on the bankrupt" to disprove the allegation… "It is well established that once the Plaintiff has met the initial burden by producing

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -9-

1  evidence which establishes a basis for the objection, the Defendant has the ultimate burden of

2  persuasion." In re Sullens (Bankr. D. Mont. 2005) 2005 Bankr. LEXIS 3103.

3      Defendant intentionally excluded Plaintiff's Collateral from his original Schedules and

4  failed to amend his Schedules to include the omitted Collateral after it came to light that

5  Defendant was in possession of the Collateral. Defendant knew he had an interest in the

6  Collateral as evidenced by his payments to CFSC over the course of three (3) years until the date

7  of filing his Petition and his communications with Plaintiff as set forth in the Customer

8  Collection Comments. Further, Plaintiff's undisclosed Collateral has substantial value, therefore

9  fraudulent intent may be imputed from this omission.

10      Defendant's failure to disclose the Collateral for over fifteen (15) months during the

11  pendency of this proceeding, and failing to comply with Court orders to disclose and turn over

12  the Collateral evidence Defendant's disregard for the duty of honesty imposed by the Bankruptcy

13  Code. "The primary purpose of § 727(a)(4)(A) is to ensure that dependable information is

14  supplied to those interested in the administration of the bankruptcy estate so they can rely upon it

15  without the need for the Trustee or other interested parties to dig out the true facts through

16  examinations or investigations." In re Syrtveit (Bankr. D. Mont. 1989)105 B.R. 596, 597. Here,

17  Plaintiff has expended considerable time, money and effort to protect its secured interest due to

18  Defendant's failure to provide complete and correct information in his schedules. Plaintiff has

19  met its burden of proving that Defendant made a false statement in connection with these

20  proceedings, Defendant has failed to provide any credible explanation or excuse for his

21  omission, therefore Defendant's discharge should not be entered.

## IV

## REQUEST FOR AWARD OF ATTORNEY'S FEES

    The Agreements specifically provide as follows: "Purchaser agrees to pay all reasonable attorneys' fees (to the extent permitted by applicable law) and all costs and expenses incurred by Seller in enforcing this Contract." Dossman Declaration, Exhibit A, Section 8.

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

Page -10-

By reason of Defendant's conduct, Plaintiff has been forced to file suit to enforce the Agreements and protect its security interest, and has incurred attorney's fees and costs.

## V

## **JUDGMENT**

Accordingly, Plaintiff is entitled to a non-dischargeable judgment against Defendant in the total sum of Nineteen Thousand Three Hundred Fifty-Three and 38/100 Dollars ($19,353.38) as follows:

| | |
|---|---|
| Agreements Balance | $4,402.54 |
| Attorney's Fees | $18,058.08 |
| **TOTAL** | $22,460.62 |

## VI

## **CONCLUSION**

For the reasons set forth above, CFSC respectfully requests that this Court determine that Debtor's discharge shall not be entered, and Plaintiff shall have a non-dischargeable judgment against Defendant in the amount of Twenty-Two Thousand Four Hundred Sixty and 62/100 Dollars ($22,460.62).

DATED: February 18, 2011                    LAW OFFICES OF MARK D. PONIATOWSKI
                                                                    PROFESSIONAL CORPORATION

                                                                     */s/ Mark D. Poniatowski*
                                                                    MARK D. PONIATOWSKI
                                                                    Attorneys for Caterpillar Financial Services
                                                                    Corporation, a Delaware corporation

LAW OFFICES OF
*Mark D. Poniatowski*
PROFESSIONAL CORPORATION
20980 REDWOOD ROAD
SUITE 200
CASTRO VALLEY, CA 94546

In re Luis Carlos Stahl, Chapter 7, Case No. 6:09-bk-30494-DS,                    Page -11-
Adversary Proceeding No. 6:11-ap-01784-DS
TRIAL BRIEF

| In re: LUIS CARLOS STAHL | | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 6:09-bk-30494-DS |
| Caterpillar Financial Services Corporation v. Luis Carlos Stahl | | Adversary Proceeding No. 6:11-ap-01784-DS |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

20980 Redwood Road, Suite 200; Castro Valley, CA 94546

A true and correct copy of the foregoing document described as <u>TRIAL BRIEF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***November 30, 2011***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***November 30, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | | | |
|---|---|---|---|
| Hon. Deborah J. Saltzman (Chamber Copy) U.S. Bankruptcy Court 3420 Twelfth Street, Ctrm 304 Riverside, CA 92501-3819 | Intake Office/Courtesy Copy Attn: Ctrm Deputy for Judge Saltzman U.S. Bankruptcy Court Central District of California 3420 12th Street Riverside, CA 92501-3819 | <u>Debtor</u> Luis Carlos Stahl 34547 Borchard Road Lake Elsinore, CA 92530 | <u>Co Debtor</u> Carol Rossetta Stahl 34547 Borchard Road Lake Elsinore, CA 92530 |

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 30, 2011 | Alison Lambert | */s/Alison Lambert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| In re: LUIS CARLOS STAHL<br><br>Debtor(s).<br><br>Caterpillar Financial Services Corporation v. Luis Carlos Stahl | CHAPTER: 7<br>CASE NUMBER: 6:09-bk-30494-DS<br>Adversary Proceeding No. 6:11-ap-01784-DS |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
- Dennis G Bezanson on behalf of Creditor Barton N. Dreyer, Trustee of the Barton N. Dreyer Rovcable Trust: dennis.bezanson@bbklaw.com, arthur.johnston.@bbklaw.com; kenneth.burgess@bbklaw.com; bknotices@bbklaw.com; dennis.bezanson@bbklaw.com
- John A Boyd on behalf of Creditor Security Service Federal Credit Union: fednotice@tclaw.net
- Arturo Cisneros (TR) amctrustee@mclaw.org, acisneros@ecf.epiqsystems.com
- Jennifer Witherell Crastz on behalf of Creditor Texas AgFinance, FLCA jcrastz@hemar-rousso.com
- Vincent V Frounjian on behalf of Creditor AMERICAN HONDA FINANCE CORPORATION vvf@pacbell.net
- Everett L Green on behalf of U.S. Trustee United States Trustee (RS) everett.l.green@usdoj.gov
- David F Makkabi on behalf of Creditor Deutsche Bank National Trust Co. cmartin@pprlaw.net
- Lee S Raphael on behalf of Creditor BAC Home Loans Servicing, LP cmartin@pprlaw.net
- Ramesh Singh on behalf of Interested Party Courtesy NEF claims@recoverycorp.com
- Cathy Ta on behalf of Creditor Barton N. Dreyer, Trustee of the Barton N. Dreyer Rovcable Trust cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com; Kenneth.Burgess@bbklaw.com
- United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
- Stuart J Wald on behalf of Debtor Luis Stahl stuart.wald@gmail.com

**SERVED BY U.S. MAIL**

| Counsel for Debtor | Chapter 7 Trustee | United States Trustee (RS) |
|---|---|---|
| Stuart J. Wald, Esq. | Arturo Cisneros (TR) | 3685 Main Street, Suite 300 |
| 36154 Coffee Tree Pl. | 3403 Tenth Street, Suite 711 | Riverside, CA 92501 |
| Murrieta, CA 92562 | Riverside, CA 92501 | |

Counsel for the U.S. Trustee
Everett L Green
Office of the US Trustee
3685 Main St Ste 300
Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**